

**FILED**
**May 19, 2026**
**01:10 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Breeahna Britt | Docket No. 2022-08-1404 |
| v. | State File No. 19946-2022 |
| Center for Youth Ministry Training, et al. | |
| Appeal from the Court of Workers' Compensation Claims Shaterra R. Marion, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee sustained compensable injuries. After a period of authorized medical treatment in Tennessee, the employee moved out of state. She alleged that the employer failed to provide her a valid panel of physicians for selection of an authorized physician in her new state of residence. During the course of a two-day expedited hearing, the employer acknowledged that the employee had not received a valid panel of physicians, and it provided a panel of specialists at the conclusion of day two of the hearing. Thereafter, the trial court issued an order in which it: (1) determined that the employee was entitled to a panel of specialists; and (2) denied the employee's request to have her physical therapist deemed to be her authorized treating physician. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Breeahna Britt, employee-appellant, pro se

Gordon Aulgur, Lansing, Michigan, for the employer-appellee, Center for Youth Ministry Training

# Memorandum Opinion[1]

Breeahna Britt ("Employee"), now a Colorado resident, worked as a program coordinator for Center for Youth Ministry Training ("Employer"), which is based in Williamson County, Tennessee. On March 14, 2022, Employee was working in the course and scope of her employment at a location in Shelby County, Tennessee, when a nail gun fell from a roof and struck her on the head. She reported injuries to her head and neck and expressed concerns about a traumatic brain injury. Employer acknowledged the compensability of the accident and provided authorized medical care. The original panel-selected physician, Dr. Lloyd Robinson, diagnosed a head contusion and a cervical sprain, and an authorized neurologist, Dr. Rance Wilbourn, ordered an EMG/nerve conduction study that was read as normal.

Thereafter, Employee moved to Colorado and sought additional medical care. At the expedited hearing, she testified that, instead of allowing her to select a new treating physician from a panel of physicians in her geographical area, the nurse case manager directed her to a specific provider, Dr. Carol Dombro. Apparently, Dr. Dombro then referred Employee to Dr. John Sacha, who diagnosed various head and neck-related conditions but found no evidence of a closed head injury. According to Dr. Sacha's September 19, 2022 report, he found evidence of degenerative changes of the cervical spine, with cervical disc bulging at C4-5 and C6-7. He commented that these changes, though advanced for her age, could be related to her history of doing gymnastics as a youth. He also noted Employee's complaints of headaches and concluded she was experiencing "whiplash-associated symptoms" as a result of the work accident. Dr. Sacha placed Employee at maximum medical improvement as of September 19, 2022, and assigned an impairment rating of 7% based on the revised 3rd edition of the American Medical Association's ("AMA's") *Guides to the Evaluation of Permanent Impairment*.[2]

After an extended period of written discovery, status hearings, and the filing of multiple pleadings, Employee sought an expedited hearing to compel Employer to provide additional medical benefits. She also asked the court to designate her physical therapist, Dr. David Bruton, to be her authorized treating physician.[3] The expedited hearing occurred over a period of two days: December 2, 2025, and February 12, 2026.[4] On the second

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] Tennessee Code Annotated sections 50-6-204(k)(2)(A) and 50-6-102(2) require medical practitioners to utilize the 6th edition of the AMA's *Guides to the Evaluation of Permanent Impairment* when rating permanent impairment.

[3] Dr. Bruton earned a doctorate in physical therapy.

[4] Neither party provided transcripts of the expedited hearing. After each hearing day, however, Employee filed various post-hearing motions seeking "clarification of evidentiary rulings" and submitting "supplemental written input." After the second hearing day, Employee filed a pleading entitled

hearing date, February 12, Employer filed a "Notice of Filing Panel of Neurologists," in which it purported to offer Employee a panel of Colorado neurologists.

In its February 23 expedited hearing order, the trial court determined that Employee was entitled to a panel of neurologists located in her geographical area, but it denied Employee's request to have her physical therapist designated as her authorized treating physician. Employee timely filed a notice of appeal. Although the basis of her appeal is unclear, Employee asserted in her notice of appeal as follows:

1. Employee "has notified the court that medical records are being amended."
2. Employee "intends to file a Motion to Correct/Amend the Order and a Motion to Reopen Proof."
3. "These filings are intended to preserve due process regarding exhibits, factual findings, determinations regarding the type of authorized treating physician, MMI status, ongoing care, portions of the hearing audio, and other key details in the Interlocutory Order regarding Medical Benefits as it relates to Expedited Hearing Part I (12/2/25) and Part II (2/12/26)."

First, we note that expedited hearings are interlocutory in nature, meaning that a court's order issued following an expedited hearing is intended to address a limited number of issues properly raised and presented by the parties during the pendency of a claim. *See* Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2023). Such orders are not final in nature and are subject to being revised, amended, or reversed at any time prior to the entry of a final order. *Green v. Rogers Group*, No. 2016-04-0085, 2017 TN Wrk. Comp. App. Bd. LEXIS 34, at *4 (Tenn. Workers' Comp. App. Bd. May 22, 2017). Thus, to the extent that Employee's appeal seeks to "reopen the proof," we find such arguments to be without merit. Employee may, at any appropriate time, file another request for an expedited hearing if she asserts she is entitled to additional relief and/or if she wishes to present additional evidence for the court's consideration. At this point in the case, the trial court ordered Employer to provide her a panel of neurologists in her geographical area, which the record indicates it has done.

Second, with respect to the court's decision not to designate Employee's physical therapist as her authorized treating provider, Employee has offered no coherent factual or legal argument suggesting that the court erred in this regard. Tennessee Code Annotated

"Documentation of Evidence and Clarification Request." She also filed a "Notice of Filing and Clarification of Testimony," in which she sought to offer additional written testimony because, at the time of her cross-examination, she "did not recall all relevant details." These pleadings were filed prior to the issuance of the court's expedited hearing order. The record on appeal contains no response from Employer to these pleadings, and it is unclear whether these pleadings were considered by the trial court. We note, however, that a litigant cannot provide "testimony" by written materials that are neither sworn to nor subject to cross-examination. Thus, any such filings, to the extent they were considered by the court, constitute argument rather than testimony.

section 50-6-204(a)(3)(A)(i) clearly states that an employer's obligation is to provide a selection of "three (3) or more independent reputable *physicians, surgeons, chiropractors or specialty practice groups*" from which an injured worker may select an authorized treating physician. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2025) (emphasis added). A doctor of physical therapy is not included in this description of providers that can be included on a medical panel, and Employee has offered no legal authority to support an argument that a doctor of physical therapy can be designated as an authorized treating physician.

Third, following the filing of her notice of appeal, Employee submitted various additional pleadings, including purported statements of the evidence. However, Employee has misconstrued the nature and purpose of a statement of the evidence, which is to accurately summarize in-person testimony that was offered during the hearing. *See* Tenn. Comp. R. & Regs. 0800-02-22-.05(1) (2023). Employee's pleadings entitled "Statement of the Evidence" instead offer various summaries of facts, procedural matters, and arguments that are more appropriately included in a brief.[5] *See* Tenn. Comp. R. & Regs. 0800-02-22-.07(2) (2023). Here, the trial court entered an order declining to certify Employee's "statement of the evidence" as "a fair and accurate summary of the testimony presented at the hearing" as required by Tenn. Comp. R. and Regs. 0800-02-22-.05(1)(b). Employee has appealed that order as well, arguing that the record in this appeal is defective because she has not been allowed to provide her summary of the testimony at the expedited hearing.[6] We conclude, however, that Employee had ample opportunity to file proper statements of the evidence but did not do so. In her appeal of the order declining to certify the proposed statements of the evidence, Employee requests she be allowed to include background and argument in the statement of the evidence as long as it is clearly identified. As explained by the trial court, that information is appropriately contained in a brief, and there is no rule that allows such "background and argument" to be included in a statement of the evidence. Thus, we affirm the trial court's order declining to certify Employee's proposed statements of the evidence.

Finally, we emphasize that an interlocutory appeal is limited to the issues addressed by the trial court in its expedited hearing order. Here, the trial court addressed two issues: (1) whether Employee is entitled to additional medical benefits; and (2) whether Employee

---

[5] Employee also submitted multiple attachments and purported "exhibits" to her appellate filings. "Evaluating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision. Thus, we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). *See also* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2023).

[6] We consolidated the two appeals in the interest of judicial economy.

is entitled to have her treating physical therapist deemed to be her authorized treating physician. In her initial appellate brief, supplemental brief, and reply brief, Employee asserts various ways in which she believes Employer has mishandled her claim or its attorneys have misstated various facts and/or issues. Most such complaints and assertions are beyond the scope of this appeal and are more appropriately addressed to the trial court, which can, if it deems appropriate, make referrals to the Penalty Unit of the Bureau of Workers' Compensation as provided in Tennessee Code Annotated section 50-6-118.[7]

Our review of a trial court's decision is accompanied by a presumption that its factual findings are correct. Tenn. Code Ann. § 50-6-239(c)(7) (2025). Our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript of the hearing or a proper statement of the evidence and fails to offer any substantive argument on appeal. Without a transcript, we cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the testimony as summarized in the trial court's order. *See Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007).

Here, Employee has offered no cogent factual or legal argument to suggest the trial court erred in deciding the limited issues addressed during the expedited hearing. We note that Employee is self-represented in this appeal, as she was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). In short, nothing Employee has submitted in support of her appeal indicates the trial court erred in its expedited hearing order.

For the foregoing reasons, we affirm the trial court's orders and remand the case. Costs on appeal were waived.

---

[7] The trial court has made one or more such referrals already in this case, one of which is reflected in the expedited hearing order it entered on February 23, 2026.